UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICK MORIN and JOSEPH OLIVIERI as
Trustees of the EMPIRE STATE CARPENTERS
WELFARE, PENSION, VACATION, ANNUITY,
SCHOLARSHIP, APPRENTICE-TRAINING,
LABOR-MANAGEMENT COOPERATION and
CHARITABLE TRUST FUNDS,

         Plaintiffs,

**REPORT AND**
**RECOMMENDATION**
CV 08-2659(JS)(ARL)

  -against-

GEAUGA COMMERCIAL CONSTRUCTION CO.
a/k/a AQUILA CONSTRUCTION, INC. and
AUBURN INTERIORS, LTD,

         Defendants.
------------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

  This matter was referred to the undersigned by District Judge Joanna Seybert for a report and recommendation as to whether a default should be entered and, if so, the proper amount of attorneys' fees to be awarded. The plaintiffs have submitted a memorandum of law and the declaration of Paula Clarity in support of their request to enter a default judgment.[1] Despite having been served with the motion, neither defendant has submitted papers in opposition to the motion. Based on the evidence submitted, the undersigned recommends that a default judgment be entered ordering the defendants to permit and cooperate in the audit of the defendants' books and records concerning the defendants' payment of fringe benefit contributions and wage supplements to the plaintiffs' employee benefit funds within thirty days after notice of entry of

---

[1] By letter dated August 25, 2009, the plaintiffs have indicated that the papers originally submitted with this motion suffice for the purposes of the inquest.

judgment. It is further recommended that the plaintiffs be awarded attorneys' fees and costs incurred in the amount of $2,397.00 and $835.00, for a total award of $3,232.00.

**DISCUSSION**

The plaintiffs, the trustees and fiduciaries of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds (the "Funds"), commenced this lawsuit by filing the summons and complaint on July 2, 2008. The defendants, Geauga Commercial Construction Co. a/k/a Aquila Construction, Inc. and Auburn Interiors, Ltd., were served with the summons and complaint on October 23, 2008 and September 9, 2008, respectively. The defendants failed to answer or otherwise respond to the complaint. The plaintiffs moved for a default judgment and, on January 27, 2009, the Clerk of the Court certified the defendants' defaults based upon their failure to answer or otherwise appear in this action.

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1993), *cert. denied*, 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).

2

The complaint in this action seeks damages for breach of contract in violation of the Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 141, et seq. ("LMRA"). The Funds are employee benefit welfare plans and/or employee benefit pension plans funds as defined by ERISA, 29 U.S.C. § 1002(1) and (2). (*See* Compl. ¶ 5.) The Funds were established and maintained pursuant to a collective bargaining agreement ("the Agreement") in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). (*Id* ¶¶ 5-6.) The defendant Geauga Commercial Construction Co. ("Geauga") agreed to be bound by the terms of the Agreement. (*Id*. ¶¶ 13-14.) The defendants Geauga and Auburn Interiors, Ltd. ("Auburn") are operated as a "single integrated enterprise, joint employer, alter ego, successor, disguised continuance and/or reorganized business enterprise." (*Id*. ¶ 33.) Pursuant to the Agreement, the defendant Geauga is required to remit fringe benefit contributions and to file contribution reports with the Funds. (*Id*. ¶ 36.) The defendants are also required to permit and cooperate in the conduct of audits of their books and payroll records. (*Id*. ¶ 40.) Finally, the defendants are also required to furnish to the Funds such information, books, records, and reports as are required to ensure compliance with the terms of the Agreement and to ascertain the amount of fringe benefit contributions due the Funds. (*Id*.)

The defendants have failed to permit or cooperate in the conduct of an audit of its books and records, and has failed to furnish to the Funds with required information, books, records, and reports to ensure compliance with the terms of the Agreement and to ascertain the amount of fringe benefit contributions due the Funds. (*Id*. ¶ 41.) Accordingly, the facts support a finding that the defendants violated the Agreement as well as ERISA, and the undersigned recommends

3

that a default judgment be entered. *See* 29 U.S.C. § 1132. The undersigned further recommends that the default judgment include an order directing the defendants to permit and cooperate in an audit of its books and records and to furnish to the Funds information, books, records and reports in accordance with ERISA and its obligations under the Agreement so that the plaintiffs may calculate the fringe benefit contributions and/or wage supplements owed by the defendants.

The plaintiffs also seek an award of reasonable attorneys' fees and costs incurred through January 5, 2009, in the amount of $2,397.00 and $835.00, respectively, pursuant to 29 U.S.C. § 1132(g)(1). (*See* Clarity Decl. ¶¶ 19-23.) The plaintiffs' request for an award of attorneys' fees and costs is supported by the statute. When fixing a reasonable rate for the attorneys' fees, it is appropriate, however, for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonable comparable skill, experience and reputation. *See Simmons v. N.Y. Transit Auth.*, No. 08-CV-4079, slip op. at 11 (2d Cir. Aug. 3, 2009); *American Cablevision of Queens v. McGinn,* 877 F. Supp. 317, 320 (E.D.N.Y. 1993). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). A review of the billing records indicates that the time spent was reasonable and not excessive. Based upon the declaration of Paula Clarity and the billing records annexed as Exhibits D & E, the undersigned finds that all relevant factors support an award of attorneys' fees and costs in the amounts of $2,397.00 and $835.00, for a total award of $3,232.00.

## OBJECTIONS

The plaintiffs are directed to serve a copy of this Report and Recommendation on the defendants by certified mail at their last-known addresses, and to file proof of service with the

Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        August 27, 2009                                 _____/s/_____
                                                                        ARLENE R. LINDSAY
                                                                        United States Magistrate Judge